UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID SMITH, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 25-CV-0127-CVE-MTS |
| LYNDA MORGAN, MICHAEL NESSER, JANICE STEIDLEY, DANIEL SHERMAN, ROBERT J. BARTZ, R. THOMAS IRWIN, JEFFREY PRICE, and KARA VINCENT, | ) |
|       Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is plaintiff's pro se complaint (Dkt. # 1). Plaintiff is proceeding pro se and he alleges that the defendants are "willfully and wrongfully taking advantage of [his] mother's trust. Dkt. # 1, at 1. Plaintiff claims that the trustee, Lynda Morgan, has stolen funds from his mother's trust, and plaintiff alleges that Morgan's attorneys, Kara Vincent and Michael Nesser, are aiding Morgan in misusing trust funds. Id. at 3. Finally, plaintiff states that Janice Steidley, an attorney, has withheld evidence that could have aided plaintiff in proving that amendments to trust documents were fraudulent, and he appears to be alleging that another attorney, Jeffrey Price, received various signed and unsigned amendments to the trust. Id. Plaintiff makes no factual allegations concerning the actions of Daniel Sherman, Robert Bartz, or R. Thomas Irwin. Plaintiff cites no statutes and asserts no specific claims against any defendant but, in his request for relief, he states that defendants can provide him with his mother's assets or pay him $600,000 to buy out his rights to his mother's assets. Id. The jurisdictional section of the form pro se complaint simply states "Tulsa, Oklahoma USA," and he does not allege any basis for the Court to exercise diversity or federal question jurisdiction over this case.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The complaint does not allege the citizenship of any defendant for the purpose of diversity jurisdiction, and there is no basis for the Court to exercise diversity jurisdiction over this case. The Court will consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar

Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiff does not attempt to establish that the Court has federal question jurisdiction over this case. Plaintiff has not cited any federal statute or constitutional provision, and the nature of plaintiff's allegations strongly suggest that his claims arise solely under state law. Plaintiff's allegations concern the administration of a trust and, even in circumstances when federal courts otherwise have jurisdiction, state law is applied to determine the existence and interpret the terms of a trust. See In re Foster, 275 F.3d 924, 926 (10th Cir. 2001) (federal bankruptcy courts apply state law to determine existence of a constructive trust); In re Kearney, 20108 WL 4502076 *5 (Bankr. D.N.M. Sep. 18, 2018) (modification and administration of trusts is a matter for state courts except in unusual circumstances). Even though plaintiff is proceeding pro se, the Court has no obligation to construct a claim under federal law on his behalf, and the Court finds that plaintiff has not alleged a colorable claim arising under federal law. The Court finds no basis to exercise subject matter jurisdiction over this case, and the Court finds that plaintiff's complaint should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 26th day of March, 2025.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE